IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                    Civil No. 06-6001
                      Criminal No. 6:99cr60003-001

DANNY WASHINGTON                                            DEFENDANT/MOVANT

## MEMORANDUM OPINION

Procedural Background:

Movant, Danny Washington,[1] has filed a motion to vacate, set aside or correct sentence pursuant to *28 U.S. C. § 2255*.[2] (Doc. #249) Movant proceeds *pro se*. The motion was served on the United States and the United States filed a response on February 21, 2006. (Doc. #256) Pursuant to the consent of the parties, by order entered on March 2, 2006, this matter was referred to the undersigned for the conducting of all proceedings, including the entry of judgment, pursuant to *28 U.S.C. § 636(c)* and *Rule 73, Federal Rules of Civil Procedure*. (Doc. #258)

On February 7, 2000, a jury convicted Washington and his wife, Charlotte Washington, of five counts of mail fraud under *18 U.S.C. § 1341*. (Doc. #133) On October 12, 2000, a judgment was entered sentencing each of the Washingtons to a total of 87 months imprisonment, three years of supervised release and requiring them to pay $817,885.83 in restitution. (Doc. #167) The convictions were affirmed on direct appeal on July 2, 2001. However, Charlotte Washington's sentence was vacated because she was not afforded the right of allocution and the matter was remanded for re-sentencing.

---

[1] At the time of the filing of the subject motion, Movant was an inmate in the FCI - Texarkana. However, on May 19, 2006, Movant was released from the custody of the Federal Bureau of Prisons and he is now on supervised release. Movant has filed a notice of change of address in this proceeding, reflecting an address of 3047 Strong Highway, El Dorado, Arkansas.

[2] Although the pleading is styled "Memorandum in Support of *§ 2255* petition," it is in fact a motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255* rather than a brief in support of the same and the pleading is, therefor, construed as such a *§ 2255* motion.

AO72A
(Rev. 8/82)

*United States v. Washington*, 255 F.3d 483 (8th Cir. 2001).

The United States Court of Appeals for the Eighth Circuit summarized the evidence presented against Washington and his wife:

> In this case, there was evidence that the Washingtons analyzed tax rolls to find out-of-state land owners because they would not check up on their land frequently or at all. The Washingtons then clear cut the land and paid the landowners a small fraction of the lumber's true value. This scheme was accomplished by Charlotte telephoning each victim and gaining their trust though (sic) lengthy and numerous high pressure conversations. From these conversations, Charlotte easily acquired knowledge of the person's age, infirmities, and vulnerabilities. While many of the victims were educated individuals, none of them had any dealings in the logging industry. It was further established that Charlotte discovered and the Washingtons targeted elderly victims who were in desperate need for money.

*United States v. Washington*, 255 F.3d at 486.

This is Washington's second *§ 2255* motion. His first motion was filed on May 16, 2002. (Doc. #224) In that motion, Washington claimed that there were sentencing errors and that he received the ineffective assistance of counsel. After review, on October 16, 2002, the undersigned found that Washington did receive the ineffective assistance of counsel at sentencing by virtue of counsel's failure to assert Washington's right of allocution and re-sentencing was recommended. (Doc. #240) Washington immediately filed a motion to "withdraw" his *§ 2255* motion. (Doc. #243) That motion was granted by this court on November 4, 2002, and Washington's *§ 2255* motion was denied as moot. (Doc. #244)

The pending motion was filed on January 12, 2006. (Doc. #249)

**Discussion:**

We find that Washington's motion is without merit and is subject to summary dismissal on two separate grounds. As noted above, this is the second *§ 2255* motion, attacking his sentences, filed by Washington. Accordingly, this court lacks jurisdiction to consider the pending *§ 2255* motion absent

authorization from the United States Court of Appeals for the Eighth Circuit.  *See 28 U.S.C. § 2255* (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir. 2000)(A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

As this court lacks jurisdiction to consider Movant's pending second *§2255* motion absent authorization from the Court of Appeals, this court may take no further action in this matter pending a decision of the Court of Appeals and the pending motion is subject to dismissal. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals).

In the alternative, Washington's motion is also barred by limitations. *§ 2255* provides for a one year limitation period with respect to the filing of motions under that section:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

-3-

due diligence.

*Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1220, 28 U.S.C. § 2255.*

Since Washington's convictions and sentence were affirmed on direct appeal, the judgment of conviction in this case became final for the purpose of calculating the one-year period for the filing of a *§ 2255* motion when the time expired for the filing of a petition for certiorari to the Supreme Court. *Clay v. United States*, 537 U.S. 522, 532 (2003)(for federal criminal defendants who do not file a petition for certiorari with this Court contesting the appellate court's affirmation of the conviction, § 2255's one-year limitation period starts to run when the time for seeking such review expires).

A petition for writ of certiorari to review the judgment of the court of appeals must be filed with the Clerk of the Supreme Court within 90 days of the entry of the judgment of the court of appeals. *Rule 13, Rules of the Supreme Court of the United States*. The judgement of the court of appeals affirming Washington's conviction and sentence was entered on August 6, 2001. (Doc. #197) Accordingly, Washington had until November 4, 2001, to file a petition for writ of certiorari. He did not file such a petition. Accordingly, the judgment became final for purposes of *§ 2255* on November 4, 2001. Absent the existence of circumstances identified in *§ 2255* which might toll the running of the one-year limitations period, Washington had one-year from November 4, 2001, or until November 4, 2002, to file his *§ 2255* motion. Washington filed a *§ 2255* motion on May 16, 2002. (Doc. #224) This motion was dismissed on Washington's own motion, without prejudice on October 22, 2002. (Doc. #242).

Washington's pending motion was filed on January 12, 2006 (Doc. #249), over four years after the date the limitations period of *§ 2255* began to run, November 4, 2001. Even if the May 16, 2002 motion is viewed as tolling the running of the limitations period, that tolling effect ended on October 22, 2002, the date the motion was dismissed at Washington's request. Even under this circumstance,

Washington's currently pending motion was filed over three years after the limitations period of *§ 2255* began to run.

In an addendum to petition filed on May 22, 2006 (Doc. #263), Washington asserts that his failure to seek relief pursuant to *§ 2255* within the one-year period prescribed by the statute should be excused because he relies upon a right newly recognized by the Supreme Court of the United States and retroactively applicable to cases on collateral review. *28 U.S.C. § 2255*. He asserts that authorities upon which he relies were not available within that one-year period. He specifically refers to: *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005); and, *Blakely v. Washington*, 542 U.S. 296 (2004).

*Apprendi* was decided on June 26, 2000, and established the proposition that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 542 U.S. at 490. *Blakely* was decided on June 24, 2004. In *Blakely*, the Supreme Court, in considering a determinate sentencing scheme similar to the Federal Sentencing Guidelines, reiterated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303. *Booker* was decided by the Supreme Court on January 12, 2005. In *Booker*, the court ruled that the statutory provision making the Sentencing Guidelines mandatory is unconstitutional and that the Guidelines are advisory only. *Id.* at 233-37, 245, 258-59. Further, the court held that *Apprendi* and *Blakely* apply to the Federal Sentencing Guidelines. *Id.* at 243-44; *see also United States v. Corral*, 362 F.Supp. 1143, 1146 (D. North Dakota 2005)(*Booker* holds that "... the Sixth Amendment is violated by the imposition of an enhanced sentence under the Sentencing Guidelines based on a judge's determination of fact, other than a prior conviction, that was not found by a jury or admitted by the

AO 72A
(Rev. 8/82)

defendant.").

Washington was sentenced on October 12, 2000, and his conviction and sentence were affirmed by the Court of Appeals on July 2, 2001, well after the date that *Apprendi* was decided. Accordingly, Washington cannot credibly assert that this authority was not available to him or that *Apprendi* announced a "newly recognized" right with respect to him. *28 U.S.C. §2255.* Washington's conviction did become final prior to the dates that the *Blakely* and *Booker* decisions were announced. Washington asserts that this fact excuses his failure to file his pending motion within the one-year limitations period. He contends that the one-year limitations period of § 2255, as to his *Blakely* and *Booker* claims, should begin to run from the date of the *Booker* decision and that the holding of *Booker* should be retroactively applied to his case.

This contention must be rejected as the United States Court of Appeals for the Eighth Circuit has definitively held that *Booker* does not have retroactive application. *See Lenford Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005)(*Booker* did not announce a new procedural rule of watershed importance and does not apply to criminal convictions that became final before the rule was announced). Further, it has also been determined that *Blakely* does not have retroactive application. *See United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006)(*Blakely* and *Booker* do not apply retroactively to cases on collateral review)(citing *Lenford Never Misses a Shot*, 413 F.3d at 783).

Washington has not asserted that any impediment created by government action existed to the filing of his § 2255 motion, nor does he allege that the facts supporting his claims could not have been discovered through the exercise of due diligence. *28 U.S.C. § 2255.* Accordingly, his pending claims are without merit.

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings for the United States District*

*Courts* provides that:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

For the reasons set forth above, it is determined that no evidentiary hearing is required and that the pending *§ 2255* motion should be dismissed as successive or in the alternative, untimely filed.

**Conclusion:**

Therefore, it is found that this court lacks jurisdiction to consider the pending second and successive *§ 2255* motion absent authorization from the United States Court of Appeals for the Eighth Circuit. Further, in the alternative, it is found that Washington's pending claims are barred by the limitations provision of *28 U.S.C. § 2255*. Accordingly, the motion should be dismissed.

DATED this 16th day of June 2006.

/s/ *Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)